IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY BURNS MCMILLION, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | No. 3:10-cv-0229 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Knowles |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON COUNTY; | ) | |
| CYNTHIA CROOM, individually; | ) | |
| CASSANDRA JOHNSON-PAYNE, | ) | |
| individually; and MARVIN COX, | ) | |
| individually, | ) | |
| | ) | |
|    *Defendants*. | ) | |

## ORDER

Pending before the Court is Defendants Metropolitan Government of Nashville and Davidson County ("Metro Government"), Cynthia Croom, Cassandra Johnson-Payne, and Marvin Cox's Motion for Partial Dismissal of Second Amended Complaint ("Defendants' Motion") (Doc. No. 24) and supporting memorandum (Doc. No. 25). Plaintiff Beverly Burns McMillion ("Plaintiff") filed a Response in Opposition to Defendants' Motion ("Response") (Doc. No. 29) and Defendants filed a Reply to Plaintiff's Response ("Reply") (Doc. No. 32). For the reasons stated below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

*A.   Factual Background[1]*

Until June 20, 2009, Plaintiff was an employee of the Metropolitan Action Commission ("MAC"), an agency of Metro Government. In late 2008, MAC's accounting department advised Plaintiff that, due to an accounting error, she had been overpaid and, according to policy, would be denied her accrued vacation and sick leave days. Plaintiff then filed a grievance in accordance with MAC's personnel policies arguing that she should be allowed to repay the excess wages instead of losing benefits. Croom (MAC's executive director) agreed that Plaintiff should have the option of repaying the excess wages she had received, and restored Plaintiff's vacation and sick leave days. Plaintiff repaid the excess wages to MAC.

On January 16, 2009, Cox (a supervisor with MAC) prepared a performance evaluation of Plaintiff that criticized Plaintiff's "attitude towards management." Plaintiff refused to sign the evaluation because she thought that it was vague and non-specific as to dates and times. After a meeting with Cox and Johnson-Payne (MAC's director of human resources), Plaintiff prepared a rebuttal in which she denied the allegations against her, and that rebuttal was placed in her personnel file. Plaintiff alleges that the negative evaluation was in retaliation for questioning the proper means of correcting her overpayment.

On February 9, 2009, Croom sent a memorandum to all MAC staff informing them that MAC would eliminate between three and five staff positions to meet a ten percent budget reduction that the mayor requested. A few days later, Croom informed Plaintiff that her position would be eliminated due to a reduction in force. Plaintiff then filed the following grievances: (1) there was no decrease in the federal block grant that funded her position and there was no

---

[1]All facts are taken from Plaintiff's Second Amended Complaint (Doc. No. 21) unless otherwise noted.

monetary reason for eliminating the position; (2) MAC retained staff members with less seniority than Plaintiff even though personnel policies required MAC to consider seniority when reductions in force occurred; (3) new positions were created without public notice; and (4) the educational requirement and title of an available position changed, making Plaintiff ineligible, after Plaintiff submitted her résumé for the position. Croom decided that these grievances were "non-grievable" and denied the grievance hearing that Plaintiff sought. Plaintiff alleges that the elimination of her position was in retaliation for questioning management decisions.

On June 20, 2009, Plaintiff's employment at MAC was terminated. At grievance hearings after that date, Plaintiff was not allowed to question witnesses or present proof because she no longer had standing as an employee to do so. At those hearings, Croom stated that Plaintiff's position was eliminated to comply with the requested budget cut. Plaintiff was not allowed to ask Croom why the other four staff members whose positions were eliminated were reassigned to other positions with MAC while Plaintiff's employment was terminated. Plaintiff alleges that MAC assigned her former duties to temporary employees found through an employment agency at a cost higher than Plaintiff's wages and benefits as a full-time employee.

Plaintiff alleges that Defendants' actions constituted First Amendment retaliation, Fourteenth Amendment procedural due process violations, and age discrimination under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401.

B.  *Procedural Background*

On February 8, 2010, Plaintiff filed the original Complaint in this case in the Circuit Court of Davidson County. (Doc. No. 1-1.) Defendants removed the case to this Court on March 9, 2010. (Doc. No. 1.) On March 16, 2010, Defendants filed a Motion for Partial Dismissal (Doc. No. 4) and an Answer to the Complaint (Doc. No. 6). With leave of the Court,

3

Plaintiffs filed a Second Amended Complaint ("Complaint") on May 24, 2010. (Doc. No. 21.) On June 7, 2010, Defendants filed this Motion for Partial Dismissal of Second Amended Complaint (Doc. No. 24) and a Memorandum of Law in Support (Doc. No. 25). Plaintiff filed her Response on July 6, 2010 (Doc. No. 29), and Defendants filed their Reply on July 12, 2010 (Doc. No. 32).

## II.   LEGAL STANDARD

To withstand a Federal Rule Civil Procedure 12(b)(6) motion to dismiss, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court recently clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id*. (quoting *Twombly,* 550 U.S. at 546).

When ruling on a defendant's motion to dismiss, the Court "[c]onstrue[s] the complaint liberally in the Plaintiffs' favor and accept[s] as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556. The Court is not required, however, to accept as true "[a] legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

**III. ANALYSIS**

Defendants request that the Court dismiss Plaintiff's procedural due process claims under 42 U.S.C. § 1983 and the claims against Johnson-Payne. Specifically, Defendants argue that Plaintiff has not stated a viable procedural due process claim because Plaintiff did not plead the inadequacy of state remedies to address the alleged due process violations. Defendants further argue that Plaintiff has not alleged a plausible claim against Defendant Johnson-Payne.

*A. Plaintiff's Procedural Due Process Claims*

The Court agrees with Defendants that Plaintiff failed to state a viable procedural due process claim. Specifically, Defendants argue that the Court should dismiss Plaintiff's procedural due process claims because Plaintiff's Complaint does not establish that state remedies for addressing the alleged wrong were inadequate or unavailable.

The plaintiff in a procedural due process claim may not seek relief pursuant to § 1983 "[w]ithout first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations." *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.,* 360 F.3d 583, 588 (6th Cir. 2004). To satisfy this requirement, the plaintiff must establish one of the following: (1) the state did not have a remedy; (2) the state had a remedy, but it was inadequate; or (3) the state had an adequate remedy but misapplied or did not apply that remedy. *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999). A plaintiff fails to state a deprivation of due process claim when she does not allege "[t]he inadequacy of state post-deprivation remedies." *Nunn v. Lynch,* 113 Fed. App'x 55, 61 (6th Cir. 2004). "Accordingly, in order to state a procedural due process claim under section 1983 'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Id.* (quoting *Meyers v. City of Cincinnati,* 934

5

F.2d 726, 731 (6th Cir. 1991)). The Sixth Circuit has held that a plaintiff has not stated a procedural due process violation when the plaintiff attacks a "[m]unicipal administrative hearing process, but not the state's judicial process for the correction of errors . . . ." *Nunn,* 113 Fed. App'x at 61.

Defendant argues, and the Court agrees, that Plaintiff failed to satisfy the requirement of pleading that state remedies were inadequate. Plaintiff's Complaint alleges only that "[D]efendant Metropolitan Government did not have a proper remedy." (Doc. No. 21 ¶ 35.) It does not allege that other state administrative or judicial remedies (such as relief through the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-101 *et seq.*; a common law writ of certiorari; or other potential avenues for relief) for correcting the alleged wrong were inadequate, unavailable, or misapplied. The Court also finds that this allegation constitutes merely a "legal conclusion couched as a factual claim," per *Papasan*, 478 U.S. at 286, and need not be accepted as true for purposes of deciding Defendants' Motion.

Plaintiff mischaracterizes Defendants' argument as moving for dismissal on the grounds that Plaintiff did not exhaust her state law remedies. (Doc. No. 29 at 7-10.) In her response, however, Plaintiff also states that because relief would have been unavailable under the UAPA, and any remedy pursuant to a common-law writ of certiorari "would have been limited on the record to the question of Croom's decisions to deny hearings on Plaintiff's grievances relating to the application of reduction in force policy to arbitrarily eliminate her position on the staff of the Metropolitan Action Commission, and not to the question of [her] termination . . . nor to the approval of in-house transfers for four similarly situated staff members . . . ." *Id.* at 9-10. "Thus," she argues, "because filing a petition for writ of certiorari was a post-deprivation remedy which would not have allowed a state court to address the merits of her grievances, it was not

necessary to specifically explain the inadequacy of this post-deprivation remedy in the Second Amended Complaint . . . ." *Id.* at 10. While Plaintiff, in her supporting memorandum, appears to have marshaled arguments as to why state remedies in this case may have been inadequate or partially inadequate, the fact remains that the Complaint does not make these allegations, as required. *See* Hahn, 190 F.3d at 716 ("the plaintiff must *plead* and prove that state remedies for redressing the wrong are inadequate" (emphasis added) (citing *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983))). Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's procedural due process claims.

      B. *First Amendment claims against Ms. Johnson-Payne*

Defendants argue that Plaintiff fails to state a plausible claim against Defendant Johnson-Payne, the Director of Human Resources for the MAC. In Plaintiff's Complaint, she alleged two causes of action against Johnson-Payne: (1) a procedural due process violation; and (2) a First Amendment retaliation claim. Plaintiff's procedural due process claims have been dismissed, Part III.A., *supra*. The only remaining claim against Johnson-Payne is a First Amendment retaliation claim. (Doc. No. 21 at ¶ 1.) Defendants argue that the Complaint fails to state a First Amendment retaliation claim against Johnson-Payne because Plaintiff does not allege any adverse actions that Johnson-Payne took against Plaintiff.

A plausible First Amendment retaliation claim requires a plaintiff to demonstrate that: "(1) the plaintiff engaged in constitutionally protected speech; (2) the plaintiff was subject to adverse action or deprived of some benefit, and (3) the protected speech was a 'substantial' or 'motivating factor' in the adverse action." *Brandenburg v. Hous. Auth. of Irvine,* 253 F.3d 891, 897 (6th Cir. 2001) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)). When the plaintiff is a public employee, she must also establish that: (1) "the speech

involved matters of public interest or concern," and (2) that the plaintiff's "interest in addressing those matters outweighs the interest" of the public agency employer in promoting the efficiency of the services it performs. *Leary v. Daeschner,* 349 F.3d 888, 893 (6th Cir. 2003). "[A]n influential recommender can be liable under § 1983 without being the final decisionmaker, if the recommendations are shown to be sufficiently influential." *Ward v. Athens City Bd. of Educ.,* No. 97-5967, 1999 WL 623730, at *8 (6th Cir. Aug. 11, 1999).

The Complaint does not allege any adverse actions that Johnson-Payne directly took against Plaintiff. Although Plaintiff's Complaint alleges that "Defendants Croom, Johnson-Payne, and Cox, acting singly and in concert, took adverse actions against Plaintiff . . .," that statement alone is a legal conclusion that Plaintiff's factual allegations do not support.

The factual allegations in the Complaint do not support the conclusion that Johnson-Payne directly engaged in adverse action against Plaintiff. The factual allegations Plaintiff makes regarding Johnson-Payne are that: (1) Johnson-Payne works closely with Croom in dealing with internal personnel matters; (2) Johnson-Payne referred Plaintiff to the MAC accounting office regarding the loss of sick leave and vacation days; (3) Johnson-Payne and Cox met with Plaintiff after Plaintiff filed her first grievance, and at that meeting Johnson-Payne became defensive about the fact that Plaintiff had called Metro Government's Human Resources Department about the issue; (4) after Cox wrote a negative performance evaluation about Plaintiff, Johnson-Payne and Cox met with Plaintiff before Plaintiff filed a rebuttal; (5) Johnson-Payne "condoned, if not encouraged," the negative evaluation (Doc. No. 21 at ¶ 15); and (6) Plaintiff sent her resume to Johnson-Payne for an open position after her position was terminated.

Defendants argue that the Complaint does not allege that Johnson-Payne gave Plaintiff the poor evaluation or was the party responsible for terminating her employment, which are the adverse actions of which Plaintiff complains. (Doc. No. 25 at 4.) In response, Plaintiff claims that Johnson-Payne should be considered an "influential recommender" under Sixth Circuit precedent. (Doc. No. 29 at 6 (citing *Ward v. Athens City Bd. of Educ.*, No. 97-5967, 1999 WL 623730 at *8-*9 (6th Cir. Aug. 11, 1999))). Plaintiff argues that Johnson-Payne, "as the HR Director for the Metropolitan Action Commission, [was] directly involved in evaluating Plaintiff's job performance and her 'attitude toward management.'" (Doc. No. 29 at 7.) Plaintiff invites the Court to infer from this that Plaintiff has sufficiently alleged that Johnson-Payne was an "influential recommender" to Croom, the final decisionmaker. *Id.* Defendants argue in their Reply that this allegation of Johnson-Payne's "direct[] involve[ment]" in the negative evaluation is both unsupported by citation and not alleged in the complaint. (Doc. No. 32 at 3.)

The Court finds both of these arguments slightly misplaced. Under the standard of review, the Court is obliged to construe the Complaint in Plaintiff's favor. The Court therefore finds that ¶ 15 of the Complaint pleads sufficient facts to establish a plausibility of adverse employment action on the part of Johnson-Payne when it states:

> Upon information and belief, Plaintiff avers that Defendant Cox's actions were in retaliation for her questioning management decisions regarding the proper means of correcting accounting errors and that his actions were condoned, if not encouraged, by Defendants Johnson-Payne and Croom as part of the arbitrary and capricious management style of Defendants Johnson-Payne and Croom to retaliate against any employee who might question management decisions.

(Doc. No. 21 at ¶ 15.) Again, construing the Complaint liberally in Plaintiff's favor, the Court finds that Plaintiff has pled that Defendant Johnson-Payne "encouraged" the negative evaluation. This is sufficient to state a claim that Defendant Johnson-Payne was an "influential

9

recommender," responsible for an adverse employment action (i.e., the negative evaluation) against Plaintiff. The Court therefore **DENIES** Defendants' Motion as to Plaintiff's First Amendment Retaliation claim against Johnson-Payne.

### IV.  CONCLUSION

For the reasons stated above, this Court finds that Plaintiff has not sufficiently alleged a plausible procedural due process claim against Defendants, but has sufficiently alleged a plausible First Amendment retaliation claim against Johnson-Payne. Accordingly, Defendants' Motion is **GRANTED in part** as to Plaintiff's procedural due process claims, and **DENIED in part** as to Plaintiff's First Amendment retaliation claim against Johnson-Payne.

It is so ORDERED.

Entered this ___22nd___ day of March, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT