# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BEVERLY BURNS MCMILLION, ) | No. 3:10-cv-00229 |
| Plaintiff, ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| v. ) | |
| ) | JURY DEMAND |
| THE METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON COUNTY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants Metropolitan Government of Nashville and Davidson County, Cynthia Croom, Cassandra Johnston-Payne, and Marvin Cox's Motion to Strike Affidavits ("Defendants' Motion to Strike") (Doc. No. 56) and supporting Memorandum (Doc. No. 57). Plaintiff Beverly Burns McMillion filed a Response (Doc No. 58) and a Declaration in Opposition ("Declaration") (Doc No. 59), to which Defendants have filed a Reply (Doc. No. 62-1).

Also pending before the Court is Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, or in the Alternative, Motion for Extension of Time to File Sur Response ("Plaintiff's Motion to Strike") (Doc. No. 60), to which Defendants filed a Response (Doc. No. 63). Plaintiff subsequently filed a Sur-Reply to Defendants' Motion to Strike prior to the resolution of Plaintiff's Motion to Strike. (Doc. No. 68.) In response, Defendants have filed a Motion to Strike Plaintiff's Sur-Reply. (Doc. No. 69.)

1

For the reasons stated below, Defendants' Motion to Strike Affidavits is **GRANTED**, Plaintiff's Motion to Strike or for Leave to File a Sur-Response is **DENIED**, and Defendants' Motion to Strike Plaintiff's Sur-Reply is **TERMINATED as moot.**

I. **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS**

Defendants move the Court to strike two of the affidavits on which Plaintiff relies in responding to Defendants' Motion for Summary Judgment because the identities of the witnesses were not disclosed to Defendants. (Doc. No. 56.) During discovery, Defendants posed several interrogatories to Plaintiff, including the following:

> 8. Identify anyone, including but not limited to medical professionals, who has knowledge of the incident set forth in your Complaint or the facts that form the basis for your claims in this case. Please provide a current telephone number, address, and place of employment for each individual.

(Doc. No. 56-1 at 7-8.) The instructions to the Interrogatories require supplemental answers "where [Plaintiff] comes into possession of information that initially was not supplied." (Doc. No. 56-1 at 2.) The instructions further state that supplemental answers must be served "within a reasonable time after the information or knowledge is obtained, but in no event later than 30 days after it is obtained." (*Id.*)

Defendants seek to strike the affidavits of Thomas Cartmell and Latasha Davis. (Doc. No. 56.) Plaintiff did not disclose the identities of Mr. Cartmell or Ms. Davis in her response to the eighth interrogatory (Doc. No. 56-2 at 6), and Plaintiff does not dispute that she did not provide a supplemental answer with their identities prior to the filing of Defendants' Motion to Strike. Plaintiff has now filed a Supplemental Answer in conjunction with her Response to the latter Motion. (Doc. No. 59-2.)

2

Defendants contend the Federal Rules of Civil Procedure mandate that the Affidavits be excluded. (Doc. No. 57 at 1.) Federal Rule of Civil Procedure 26(e) provides:

> A party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

If a party fails to follow the requirement of Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has established that Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999).

Plaintiff asserts that in this instance, her failure to provide a supplemental answer to Defendants' interrogatory was justified and harmless. (Doc. No. 58 at 3.) Plaintiff states in her Declaration that she identified Mr. Cartmell and Ms. Davis to her counsel as willing witnesses within a short amount of time before the discovery deadline. (Doc. No. 59-1 at 2.) Plaintiff attributes this late identification of witnesses to the fact that several of the witnesses she previously identified in response to the Interrogatory were either no longer available or had declined to become involved in Plaintiff's case. (*Id.*) Plaintiff claims that she was thus rushed to find additional witnesses in support of her case. (*Id.*) Plaintiff's Response further asserts that there was no prejudice to Defendants because the interrogatory only requested identification and not the substance of what potential witnesses might know. (Doc. No. 58 at 3.) Plaintiff contends that the short time window and mere identification of the witnesses would not have allowed

3

Defendants' counsel to take any substantive action, even if Plaintiff had immediately provided the information. (*Id.*)

The Court does not agree that Plaintiff's failure to disclose the identities of Mr. Cartmell and Ms. Davis was justified. Plaintiff's last-minute need to find additional witnesses was caused by the unreliability of her original witnesses and not through any fault of Defendants. Further, the Affidavits of Ms. Davis and Mr. Cartmell are signed and dated April 18, 2011 and April 20, 2011, respectively, several days before Plaintiff filed them. (Doc. Nos. 51-2 & 51-3.) Plaintiff has not alleged any specific reason why Defendants were not notified of the additional witnesses during the intervening time.

More importantly, the Court also disagrees that Plaintiff's failure to provide a supplemental answer to Defendants' Interrogatory was harmless. Defendants were unable to contact or depose Mr. Cartmell or Ms. Davis before the discovery deadline and before Plaintiff relied on their testimony. Plaintiff's assertion that Defendants would not have had sufficient time to depose Mr. Cartmell and Ms. Davis is speculative. The Court finds that Defendants would be unfairly prejudiced by the use of Mr. Cartmell and Ms. Davis' testimony at this stage. Further, Plaintiff's late filing of a supplemental answer to Defendants' interrogatory does not cure the prejudice against Defendants, as discovery has ended. Therefore, the Court will not consider the Affidavits of Mr. Cartmell and Ms. Davis for the purposes of summary judgment. However, the Court declines to preclude Plaintiff's later use of Mr. Cartmell and Ms. Davis' Affidavits. If this litigation proceeds beyond summary judgment, Defendants may seek to reopen discovery in order to investigate the testimony of Mr. Cartmell and Ms. Davis.

Defendants further argue that if the testimony of Mr. Cartmell and Ms. Davis is not excluded under the Federal Rules of Civil Procedure, it is inadmissible conjecture and hearsay.

(Doc. No. 57 at 3-4.) However, in light of the Court's decision not to consider the testimony of Mr. Cartmell and Ms. Davis under Rule 37, the Court declines to evaluate the admissibility of the testimony on evidentiary grounds.

For the reasons stated above, Defendants' Motion to Strike (Doc. No. 56) is **GRANTED in part**.

## II. PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, OR, THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE SUR-RESPONSE

Defendants filed a Statement of Facts in conjunction with their Motion for Summary Judgment (Doc. No. 40), to which Plaintiff filed a Response (Doc. No. 49). Defendants subsequently filed a Reply to Plaintiff's Response to the Statement of Facts. (Doc. No. 55.) Plaintiff now moves the Court to strike Defendants' Reply on the grounds that "such pleading is not provided for in the Local Rules" and Defendants filed the additional brief without the leave of the Court. (Doc. No. 60.) Alternatively, Plaintiff moves the Court for leave to file a separate Sur-Response in order to respond to Defendants' Reply. Since filing this Motion but prior to its resolution, Plaintiff has filed her Sur-Reply. (Doc. No. 68.) Defendants now move the Court to strike Plaintiff's Sur-Reply. (Doc. No. 69.)

Defendants assert, and the Court agrees, that their Reply is permissible under the Local Rules. Local Rule 56.01(d) provides that if a non-moving party has asserted additional facts in its response to a statement of undisputed facts, "the moving party shall respond to these additional facts by filing a reply statement." Defendants also argue that its Reply is proper under Federal Rule of Civil Procedure 56(c)(2), which provides that at the summary judgment stage "[a] party may object that the material cited to support or dispute a fact cannot be presented in a

form that would be admissible in evidence." Defendants' Reply primarily challenges the admissibility of the additional facts that Plaintiff asserted in its Response, and, therefore, to that extent it is also permissible under the Federal Rules of Civil Procedure.

The Court recognizes that Plaintiff has not had the opportunity to respond to Defendants' Motion to strike her Sur-Reply. However, the Court denies Plaintiff's initial request for leave to file the Sur-Reply, and therefore Defendants' Motion to Strike is moot. Defendants' Reply is the last briefing expressly authorized by Local Rule 56.01, and, after reviewing the relevant filings, the Court does not find that additional briefing is necessary for the resolution of summary judgment. The Court will evaluate the assertions in Defendants' Reply regarding Plaintiff's additional facts as they are relevant to the Court's determination of summary judgment and must construe all factual inferences in favor of Plaintiff. For these reasons, the Court finds that it is appropriate for Defendants' Reply to stand as the final briefing on this matter.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike or for Leave to File a Sur-Response and **ORDERS** that Plaintiff's Sur-Reply be **STRICKEN**. Defendants' Motion to Strike the Sur-Reply is **TERMINATED as moot**.

III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Affidavits (Doc. No. 56) is **GRANTED in part**, in that the Court will not consider the Affidavits for the purpose of ruling on summary judgment. Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, or in the Alternative, Motion for Extension of Time to File Sur Response (Doc. No. 60) is **DENIED,** and Defendants' Motion to

Strike Plaintiff's Sur-Reply (Doc. No. 69) is **TERMINATED as moot**. The Court hereby **ORDERS** that Plaintiffs' Sur-Reply (Doc. No. 68) be **STRICKEN**.

It is so ORDERED.

Entered this ___20th___ day of June, 2011.

                                                JOHN T. NIXON, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT